Pablo Basilio VICO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73247.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.[*]

Decided March 14, 2006.

Andrew J. Vazquez, Esq., Law Offices of Andrew J. Vazquez, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Pablo Basilio Vico, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). We grant the petition for review.

An alien in removal proceedings has a right to counsel derived from the Fifth Amendment guarantee of due process. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). An alien may appear pro se in a removal proceeding when he has made a knowing and voluntary waiver of the right to counsel. *See id.* Given his expressed desire for representation, Vico's failure to request a continuance to find new counsel cannot be seen as a waiver of the right to counsel. *See id.* at 1103–04. To the contrary, the IJ should have inquired into whether Vico wished to waive his right to counsel and, if not, whether there was cause to grant Vico a continuance to obtain new counsel. *See id.* Accordingly, the IJ's failure to obtain a knowing and voluntary waiver of his right to counsel denied Vico due process. *See id.*

We need not reach Vico's contention that the denial of the right to counsel is per se prejudicial to an alien in removal proceedings. *See Biwot v. Gonzales,* 403 F.3d 1094, 1100 (9th Cir.2005). Vico was prejudiced by the IJ's denial of his right to counsel as the IJ found him removable based on Vico's own lay testimony regarding his criminal record and an uncertified copy of that record. *See Tawadrus,* 364 F.3d at 1106 (finding prejudice where an attorney could have assisted an alien in his testimony and could have made legal objections to the admission of certain evidence).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

